IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACQUELINE DAVIS-O'BRIEN,

    Plaintiff,

v.                                                CASE NO. 1:08-cv-00033-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation regarding the Complaint by Jacqueline Davis-O'Brien, Doc. 1. The Magistrate Judge, upon review, recommended that the decision of the Commissioner denying benefits be affirmed. Plaintiff filed timely objections to this Report and Recommendation, Doc. 21, and requested oral argument. Pursuant to Title 28 U.S.C.A. § 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff objects primarily to the Magistrate Judge's conclusions of law regarding Dr. Lamadrid's status as a "treating physician." Plaintiff claims that the Administrative Law Judge, and later the Magistrate Judge, made errors of law by applying the wrong standard to determine how much deference to give Dr. Lamadrid's medical opinion of Plaintiff's mental condition and possible disability. For the following reasons, this objection is found to be without merit, the Magistrate Judge's report is adopted, and the Commissioner's decision to deny benefits is affirmed.

## **BACKGROUND**

Plaintiff has a minimal work history. (R. 106-107). Although she reports 8 surgeries on her hands for carpal tunnel syndrome, there are no records of these surgeries or treatment for CTS. (See 301-305, 318-319, 459). She broke several vertebra in her back in a slip and fall injury in a grocery store, confirmed by MRI on 5/9/2001, (R. 431), but a more recent MRI on November 3, 2006, showed mild degenerative changes and minimal disc narrowing. Her treatment consists of pain medication administered by the Health Department and Shands Healthcare which was discontinued or tapered after urine screens were positive for marijuana use and she had failed to comply with other requirements of a rehabilitation program through the SpineCenter at Shands. (R. 414-530, 551-588).

Treating physician Dr. Jesse Lipnick was familiar with Plaintiff in 1997 having treated her since 1995, and found her to be capable of light work, but her employment history was inconsistent despite her relatively good health. (R. 265-266). Other treatment notes from the health department and Shands do not assess her ability to work since she reported that she was "retired by medical reasons." (See R. 583, 585, 573, 567, 557, 553).

The consultative mental examinations by Drs. Shoenrock and Nazario in 2000 and 2005 respectively noted no significant mental limitations and a physical assessment by Dr. Greenberg in 2000 found her capable of "most work related activities," except no heavy lifting.

The only medical source to find marked and significant limitations is Dr. Lamadrid, who completed a functional assessment form on February 7, 2007. Earlier in the proceedings, Plaintiff, through her prior counsel, identified Dr. Lamadrid as working at the Marion County Health Department. He actually works at the Alachua County Health Department. Because of Plaintiff's earlier misidentification, the Magistrate Judge was not able to review Dr. Lamadrid's

treatment notes, which Plaintiff alleges are part of the Record (R. 525, R. 527, R. 528). Though the three pages of treatment notes are mostly illegible, this Court will assume *arguendo* that they are what Plaintiff claims them to be and that they say what Plaintiff claims they say.

## **STANDARD OF REVIEW**

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)).

A treating physician is defined as a "medical source who provides [the claimant] or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 CFR §404.1502. 20 CFR §§ 404.1527(d)(2)(I), 416.927(d)(2)(I) provides: "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's opinion. When the treating source has seen you a number of times and long enough

to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a non-treating source."

## ANALYSIS

Plaintiff admitted at the administrative hearing that she has seen Dr. Lamadrid only twice.[1] The Administrative Law Judge declined to consider Dr. Lamadrid a "treating physician" because he had not seen the Plaintiff three times (see footnote 1). This is proper under 20 CFR §§ 404.1527(d)(2)(I), 416.927(d)(2)(I).

The Administrative Law Judge might also have discounted Dr. Lamadrid's opinion because it directly conflicted with the opinions of Dr. Lipnick, Dr. Shoenrock, Dr. Nazario, and Dr. Greenberg. The Administrative Law Judge may have found that the weight of the evidence supports a finding contrary to that of Dr. Lamadrid, and discounted Dr. Lamadrid's opinion for that reason. Such a finding would have been proper under current 11th Circuit law. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)).

Plaintiff's argument that Dr. Lamadrid must be considered a treating physician and his opinion afforded controlling deference is unpersuasive for the above reasons. Accordingly, it is hereby

---

[1] Plaintiff: Your Honor, I've only seen that man one time at the health department. He knew nothing of my carpal tunnel. I took in a new form for my doctor to see me and the only - - Dr. Leminger (phonetic) I seen twice I think.
   Attorney for Plaintiff: He would then be a treating doctor, Your Honor. Yes, Your Honor, that is with the Marion County Health - -
   Administrative Law Judge: He would not be a treating - -
   Attorney for Plaintiff: Yes. Well, he's seen her more than once, Your Honor. He would be a treating doctor.
   Administrative Law Judge: No, you have to see him three times I think.

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 20, is adopted and incorporated herein.

2. The decision of the Commissioner denying benefits to Plaintiff is AFFIRMED.

3. Plaintiff's request for oral argument is DENIED.


**DONE AND ORDERED** this   *28th* day of August, 2009


*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge